FILED
United States Court of Appeals
Tenth Circuit

March 25, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM C. YOUNG,

        Plaintiff-Appellant,

and

D.J. YOUNG PUBLISHING CO., LLC,

        Plaintiff,

v.

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY/KANSAS
CITY, KANSAS; TIMOTHY ORRICK;
NATHANIEL BARNES; JOE
REARDON; HONORABLE R. WAYNE
LAMPSON; HONORABLE KATHLEEN
LYNCH; MIDLAND WRECKING,
INC.; PATRICK WATKINS; EDWARD
L. KATES; BRODERICK
HENDERSON; LADRIAN BROWN,

        Defendants-Appellees.

No. 12-3253
(D.C. No. 2:12-CV-02011-KHV-GLR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, Chief Judge, **HOLLOWAY**, Senior Circuit Judge, and **TYMKOVICH**, Circuit Judge.

William C. Young brought this suit pro se seeking damages and other relief from defendants in connection with the alleged destruction of a historic building and the loss of its contents.[1] He asserts that this building contained antique printing presses and other artifacts from the African American and Native American communities that were worth over two billion dollars.

After defendants filed their motion to dismiss his first amended complaint, Mr. Young filed a second amended complaint without first seeking leave of court. He also moved to transfer venue of the action to "a United States District Court in Oklahoma." Aplt. App. at 128. The district court dismissed his first amended complaint, finding that it did not set forth enough facts to flesh out any discernible claim for relief. It also dismissed the second amended complaint, finding that it failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a)(2), and, to the extent its allegations were comprehensible, they failed to state a claim. Mr. Young appeals.

"We review the district court's dismissal under Rule 12(b)(6) de novo. Under 12(b)(6), we review for plausibility, specifically whether enough facts have been pled to state a plausible claim." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*,

---

[1] D.J. Young Publishing Co., LLC, was also named as a plaintiff but has not appealed.

- 2 -

614 F.3d 1163, 1167 (10th Cir. 2010) (citation omitted). "Rule 8(a) dismissals are reviewed for an abuse of discretion, but to overcome a motion to dismiss, a plaintiff's allegations must move from conceivable to plausible." *Id.* Having carefully reviewed the record, including Mr. Young's complaints, under these standards, we determine that the district court properly dismissed each of his complaints for substantially the reasons stated in its Memorandum and Order dated September 18, 2012.

In addition to generally challenging the district court's stated reasons for dismissal, Mr. Young presents three other specific issues for our consideration. He argues that because "defendants failed to respond in a timely manner" to his complaints, this court should either mandate that defendants pay him $2.7 billion, or require defendants to construct a community he has planned known as "The New Quindaro Town™." Aplt. Opening Br. at 9, 11. But defendants filed motions to dismiss both his first amended and second amended complaints, both of which were granted, and Mr. Young did not obtain a default judgment in district court that would entitle him to the requested relief. Fed. R. Civ. P. 55(a), (b). His argument is frivolous.

Mr. Young next argues that the district court lacked "jurisdictional authority" to dismiss his complaint while his motion for change of venue was pending. Aplt. Opening Br. at 11. By granting defendants' motions to dismiss, the district court implicitly denied his pending motion for a change of venue. It did not abuse its

discretion in doing so.  *See Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (stating decision not to transfer an action is reviewed for clear abuse of discretion).  Mr. Young's motion for change of venue was not a colorable motion.  It failed to address why his action could appropriately have been brought in Oklahoma, or why Oklahoma was a superior forum to Kansas (other than a bare assertion that all District of Kansas judges have some affiliation with the Kansas Bar Association).  *See* 28 U.S.C. § 1404(a) (setting out requirements for change of venue); *Bartile*, 618 F.3d at 1167 n.13 (noting long-settled rule that party seeking change of venue must show the "balance of factors strongly favors a transfer of venue" (internal quotation marks omitted)).

Finally, Mr. Young asserts that the Unified Government of Wyandotte County employs attorneys who are "guilty of price fixing @ the burden on Wyandotte County, Kansas taxpayers."  Aplt. Opening. Br. at 11.  He claims these attorneys are "part of a 220-year-white collar culture that systematically & methodically cheat & target African Americans and Native Americans via price fixing and racial discrimination."  *Id.*  Even if we give him the benefit of the doubt by assuming he alleges injury as a county taxpayer, he fails to identify any plausible allegations of illegal expenditure of taxpayer funds that would satisfy the remaining elements of municipal taxpayer standing.  *See, e.g.*, *Smith v. Jefferson Cnty Bd. Of Sch. Comm'rs*, 641 F.3d 197, 215 (6th Cir. 2011) (discussing required showing for municipal taxpayer standing).  We therefore affirm the dismissal of this claim.

The judgment of the district court is AFFIRMED.

Entered for the Court


William J. Holloway, Jr.
Senior Circuit Judge